Gloria Marie GORDON, Appellant,

v.

The STATE of Texas, Appellee.

No. 59780.

Court of Criminal Appeals of Texas,
Panel No. 3.

Nov. 12, 1980.

Rehearing Denied Dec. 23, 1980.

Joseph C. Hawthorn, Beaumont, for appellant.

James S. McGrath, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and PHILLIPS, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for capital murder. Punishment was assessed at life.

In three grounds of error appellant complains of the admission of statements made by her in jail. The statements were prejudicial and admitted over objection.[1] The State's position is that the statements were admissible under Art. 38.22(1)(f), V.A.C.C.P., as res gestae.[2] The admissibility of oral statements was severely limited under Art. 38.22, as in effect in August of 1976, when the statements admitted in this case were made. It prohibited admission of oral statements made while in jail or other place of confinement except in narrowly prescribed circumstances. The only such exception even arguably applicable in this case is the res gestae exception relied on by the State. Sec. 1(f), supra, provides in relevant part:

"Nothing contained herein shall preclude the admissibility ... of any statement that is the res gestae of the arrest or of the offense."

This Court has on several occasions stated the requirements for admission of a statement as res gestae. The clearest and most frequently quoted expression of those requirements appears in *Graham v. State*, Tex.Cr.App., 486 S.W.2d 92, 94–95:

"Generally, three requirements must be met before evidence can be admitted under the so–called 'true res gestae rule.' There must have been an exciting, emotionally stimulating or physically painful event, the admission or assertion must have been made so soon after the occurrence that the declarant is still in the

---

1. The statements were made without any questions having been asked by the jailer to whom they were made. Of the several statements that were screamed at the jailer, the most damaging was, "I'm glad the mother–fucker is dead. I just as well as killed two police officers the way you mother fuckers are treating me."

2. The statements were made prior to the 1977 amendment to Art. 38.22, supra.

emotional grip of the shocking event, and the assertion must relate to the event before the evidence can be admitted under this exception."

Also, the express terms of subd. 1(f), supra, require that the "stimulating" event be the arrest or the offense.

The crucial factor in this case is the time frame element. The record in this case shows that appellant was arrested and placed in jail around 1:15 to 1:30 a. m. She was then interrogated and gave a written statement from 2 a. m. until 3:25 a. m. There is no indication that she was in an excited state at that time, nor that she was in any sort of "emotional grip" of the offense or arrest. Later in the morning, at about 6:55, and again at 7:45, a jailer went to appellant's cell and was verbally abused by appellant's screaming of the statements that are the subject of complaint on appeal.

Approximately six hours elapsed from arrest to the time the statements were made. No continuum of an excited emotional state was shown. It was not shown by the State, and we cannot hypothesize, that appellant's morning–after tirade was "made so soon after the occurrence that [appellant was] still in the emotional grip" of the offense or arrest.

The State argues that the time element is not the controlling factor, quoting *Fisk v. State*, Tex.Cr.App., 432 S.W.2d 912. While it is true that time alone is not the controlling factor, the facts in that case are drastically different from the facts here. The defendant in *Fisk* shot his wife and was apprehended by police 35 minutes after the shooting. At that moment he was still in an emotionally upset state precipitated by the offense. The court properly held that the initial excitement of the event had not died away, and that the res gestae did not have to be precisely contemporaneous with the event. In this case hours had passed between the offense and arrest, and the alleged res gestae. It was not shown, and we doubt that it could be shown, that the initial excitement of the event had persisted through the booking and the taking of the written statement, only to manifest itself

for the first time by appellant's verbal outburst several hours later.

We hold the oral statements made by appellant while confined in jail were not admissible under Art. 38.22(1)(f), supra, and should have been excluded. It was reversible error to admit them.

The judgment is reversed and the cause remanded.